**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| G. G. CONNECTIONS, INC. ) | |
| ) | **Case No. 15-25059** |
| ) | |
| Debtor. ) | **Hon. Jack B. Schmetterer** |

### NOTICE OF MOTION

To:   See Attached Service List

YOU ARE HEREBY NOTIFIED that on August 6, 2015, at 10:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable Jack B. Schmetterer, Room 682, 219 South Dearborn Street, Chicago, IL 60604, and then and there present **MOTION FOR ENTRY OF INTERIM AGREED ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND FOR FINAL ORDER AFTER FURTHER HEARING**, a copy of which is attached hereto and herewith served upon you.

By: /s/ David R. Herzog
   One of his attorneys

David R. Herzog
HERZOG & SCHWARTZ, P.C.
Attorneys for Debtor
77 West Washington Street, #1717
Chicago, Illinois  60602
(312) 977-1600
ARDC No. 01203681

### CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he caused to be served a copy of the foregoing instrument on the attached service list via fax and/or the Court's ECF system on this 3rd day of August, 2015.

/s/ David R. Herzog

**SERVICE LIST**

Patrick S Layng
Office of the U.S. Trustee
219 S Dearborn St
Room 873
Chicago, IL 60604
VIA ECF

Bouchard Masonary
8 S 035 Madison St
Burr Ridge, IL 60527
Fax No. 606-768-8100

Broida & Nichele Ltd.
1250 East Diehl Rd
Suite 108
Naperville, IL 60593
Fax No. 630-245-1565

Robert Qulia
Commercial Credit Group Inc.
227 West Trade Street
Suite 1450
Charlotte, North Carolina 28202
Fax No. 704-731-0030

Fred A. Joshua PC
One Illinois Center
111 East Wacker Drive Suite 555
Chicago, IL 60601
Fax No. 312-256-2066

German Gomez
17206 Lakebrook Dr
Orland Park, IL 60467
Via email: ggconnect@sbcglobal.net

Gray Insurance Company
3601 N. I-10 Service Road West
Metairie, LA 70002-7045
Fax No. 504-454-6122

Howard K. Jeruchimowitz
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, IL 60601
Fax No. 312-456-8435

ICW Group
11455 El Camino Real
San Diego, CA 92130-2045
Fax No. 858-350-2802

Illinois Tollway
2700 Ogden Ave
Downers Grove, IL 60515
Fax No. 312-814-6664

Liquid Capital Corp
5525 N Macarthur Blvd Ste 625
Irving, TX 75038
Fax No. 972-756-1248

Palatine Oil
515 W Colfax St.
Palatine, IL 60067
Fax No. 888-722-4636

Royal Bank
9226 Commercial Ave.
Chicago, IL 60617
Fax No. 773-768-4747

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| G. G. CONNECTIONS, INC. ) | |
| ) | **Case No. 15-25059** |
| ) | |
| Debtor. ) | **Hon. Jack B. Schmetterer** |

**MOTION FOR ENTRY OF INTERIM AGREED ORDER AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND FOR FINAL ORDER AFTER FURTHER HEARING**

G. G. Connections, Inc. ("G. G." or "the Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, hereby moves the Court, pursuant to Sections 105, 361, 362, and 363 of title 11 of the United States Code (the "Bankruptcy Code") for entry of an Interim Agreed Order (i) authorizing the Debtor to use "cash collateral," as that term is defined in the Bankruptcy Code, in which the Debtor's pre-petition secured lender has an interest (the "Cash Collateral"), (ii) granting adequate protection to the Debtor's pre-petition secured lender, and (iii) scheduling a final hearing on this motion pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor states as follows:

JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C.157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory basis for the relief requested herein are sections 105, 361, 362 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 2002, 4001, 6003 and 9014 and Rules 4001-2 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

-1-

BACKGROUND

3. On July 23, 2015, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtor was organized as an Illinois corporation in 1988 and has operated as a trucking company since its inception. The Debtor provides trucking services to its customers throughout the Chicago area.

4. The Debtor, as borrower and Commercial Credit Group, Inc. ("CCG"), as lender, entered into previous equipment loan transactions (the "Prior Loans"). The parties have periodically renewed, extended and consolidated these equipment loans, with the last renewal occurring on May 29, 2014.

5. As of the Petition Date, the equipment loans were evidenced by a Negotiable Promissory Note made by the Debtor dated May 29, 2014 and payable to CCG in the original amount of $999,560.63 ("the Renewal Note").

6. In order to secure each of the Debtor's Prior Loans and Renewal Note obligations to CCG, the Debtor executed and delivered to CCG a security agreement of even date with each of said Notes (the "Security Agreements") pursuant to which Debtor granted to CCG security interests and liens in and upon specific items of equipment described in the Schedule A attached to the Security Agreement (collectively, the "Equipment Collateral"), as well as all of the Debtor's respective accounts, inventory, equipment, contract rights, goods and other business assets more particularly described therein, which in part, constitute "cash collateral" as defined in 11 U.S.C. 363(a) (the "Cash Collateral").

7. CCG properly perfected its pre-petition security interests in the Cash Collateral and Equipment Collateral by filing UCC-1 Financing Statements with the Illinois Secretary of State and having its lien noted on the face of the certificates of title, as appropriate (collectively, the "Financing Statements," which together with the Note, Security Agreement, and all documents

executed by the Debtor and delivered to CCG, are referred to herein collectively as the "Loan Documents").

8.   As of the Petition Date, Debtor owed $542,367.99 on the Note, plus subsequently accruing post-default interest, and other charges, including legal expenses recoverable under the Loan Documents (collectively, the "Indebtedness");

9.   The Debtor hereby acknowledges: (a) that the Loan Documents and Indebtedness to CCG thereunder constitute legal, valid and binding obligations of Debtor, (b) that Debtor has no claims, set-offs or defenses with respect to the Indebtedness and security interests evidenced by the Loan Documents, (c) that CCG's pre-petition security interests in the Equipment Collateral and Cash Collateral are valid, first-priority, properly perfected security interests, and are unavoidable and indefeasible in this bankruptcy proceeding or otherwise, and (d) that the Indebtedness is fully secured by the Equipment Collateral and Cash Collateral as of the Petition Date.

## BASIS FOR RELIEF REQUESTED

10.   Debtor asserts that it requires continued post-petition use of the Equipment Collateral and Cash Collateral to operate its business, and that CCG is entitled to adequate protection of its interests therein.  Accordingly, Debtor and CCG believe that the terms authorized hereby are fair under the circumstances and that good cause has been shown for the entry of an Order and should be authorized by this Court.  The Debtor has waived, discharged and released any right it may have to challenge any of the security for the Indebtedness.  The Debtor seeks to use cash collateral in accordance with the terms of the budget attached hereto as Exhibit A.

16.   The proposed Interim Agreed order does not contain any of the provision set forth in Local Rule 4001-2(A)(2).

17.   The Debtor submits that the requests set forth herein are fair and reasonable and reflect the Debtor's prudent exercise of its business judgment consistent with its fiduciary duties.

18.    As adequate protection for, and to the extent of, any diminution in the value of CCG Financial's interest in the Cash Collateral resulting from its usage, but only to the extent that CCG Financial's interests in the Cash Collateral constitute valid and perfected liens and security interests as of the Petition Date, CCG shall receive the following:

- a.   <u>Replacement Liens</u>: CCG shall be granted a replacement lien of the same priority and to the same extent and in the same collateral as CCG had pre-petition.
- b.   <u>Reporting</u>: The Debtor will provide CCG with any reports required under its Loan Documents.
- c.   <u>Budget</u>: The Debtor will operate within 10% of the attached proposed budget until use of cash collateral is approved on a permanent basis.
- d.   <u>Other</u>: Commencing on September 10, 2015 and continuing on the 10th day of each consecutive month thereafter, until further order of this Court, Debtor shall remit a monthly payment to CCG in the amount of $21,248.00 until the earliest of the following:
    - i.    The date on which the Debtor's rights to use Cash Collateral ceases;
    - ii.   Entry of a Court order directing the cessation of such payments;
    - iii.  Conversion of this proceeding to Chapter 7 of the Bankruptcy Code;
    - iv.   Dismissal of this proceeding; or
    - v.    Appointment of a trustee in this proceeding.

<u>EXPEDITED RELIEF</u>

19.    The Debtor requests that the preliminary hearing on the interim relief requested in this motion be heard on or before August 6, 2015. The terms of the use of cash collateral on an interim basis are the same as a final basis. Approval on an interim basis in an expedited fashion is necessary to prevent any immediate and irreparable harm.

20.     The Debtor further requests that a final hearing on the relief sought in this motion be scheduled within 30 days of entry of any interim order for the relief sought herein.

21.     The Debtor requests that any order granting the relief sought herein be effective immediately and that the stay imposed by Federal Rule of Bankruptcy Procedure 6004(g) be waived.

### REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court (i) enter an agreed interim order authorizing the Debtor to use the Cash Collateral on an interim basis on the terms set forth above, (ii) schedule a final hearing on this motion, (iii) after notice and an opportunity for a hearing, enter a final order authorizing the Debtor to use the Cash Collateral, and (iv) grant such additional relief as the Court deems just and proper.

Dated: July 31, 2015.

G. G. CONNECTIONS, INC.

By: /s/ *David R. Herzog*
One of its attorneys

David R. Herzog
HERZOG & SCHWARTZ, P.C.
Attorneys for the Debtor
77 West Washington Street
Suite 1717
Chicago, Illinois 60602
Phone: (312) 977-1700

## GG CONNECTIONS, INC. - PROPOSED BUDGET

| | |
|---|---:|
| MONTHLY INCOME: | $99,750.00 |
| Payroll | 24,250.00 |
| Payroll taxes | 3,591.00 |
| Unemployment taxes | 2,094.00 |
| Worker's Comp. | 1,900.00 |
| Inventory | 3,000.00 |
| Rent | 1,800.00 |
| Office Expenses & Supplies | 200.00 |
| Repairs and parts | 9,000.00 |
| Vehicle expenses | 24,000.00 |
| Travel and entertainment | 500.00 |
| Professionals' fees | 700.00 |
| Adequate Protection | 21,248.00 |
| Total | 92,283.00 |
| **Profit** | **7,467.00** |